## J. W. Rochford, Tutor, *v.* P. Geraghty et al.

Privileges are *stricti juris* and as against third persons must be clearly and conclusively established.

The tacit mortgage in favor of minors must prevail over a conventional mortgage in favor of a third party subsequently inscribed. C. C. 3282, 354.

APPEAL by *Westmore* from the First District Court of New Orleans, *Robertson, J. Durant & Hornor,* for plaintiff. *Emerson & Huntington,* for defendants and appellant.

Voorhies, J. The plaintiff, as dative tutor of the minors *Finer,* brought suit against the defendant, their former tutor, and obtained judgment for the sum of 1,699 89, with interest and costs. The defendant's property was seized and sold by the Sheriff at twelve months' credit under an execution issued on this judgment, and *John H. Norton* became the purchaser thereof for the price of $4,200. A rule was taken on *Norton* to show cause why he should not give his twelve months' bond, with good and sufficient security, for the amount of the plaintiff's claim. Other creditors, who asserted claims to mortgages and privileges on the property, were also made parties to the rule by the plaintiff. *Norton* answered that he was ready to comply with the terms of the adjudication and to give bonds in accordance with the ruling of the court for the price, provided the sum of $208 33, which he had paid since the adjudication for State and city taxes due on the property, should be allowed him as a credit.

The District Court rendered judgment decreeing that the parties be paid in the following order out of the proceeds of the sale, viz :

" First. To the said purchaser, *John H. Norton,* the amount paid by him for city and State taxes, as per receipts filed in court, with interest from 15th June, 1854, $208 33 ;

"Second. Clerk's costs in the suit of *Rochford, tutor,* v. *P. Geraghty,* $241 and 60 cents ;

" Third. Sheriff's costs in the above suit, $101 50 ;

" Fourth. City of New Orleans, for paving, $22 03 ;

" Fifth. *John R. Jacobs,* for the use of *Jacob Barker,* $140 00 ; interest from 21st June, 1852, Clerk's costs, $9 65, Sheriff's costs $2 50—$11 85 ;

" Sixth. *James W. Rochford,* tutor, for the minors *Finer,* the sum of $1,699 and 89 cts., with interest from 31st December, till paid ;

" Seventh. *S. M. Westmore,* for $1,700 with 8 per cent. interest from January, 1854, till paid ;

"Eighth. *Elizabeth Finer,* for the balance remaining undistributed, provided it does not exceed $1,500."

*Westmore's* distributive share having fallen short of the amount of his claim, he has taken this appeal, in which he alleges that the court below erred in allowing the *claims of the plaintiff* and of *J. R. Jacobs,* for the use of *Jacob Barker,* and giving them a preference over his, out of the proceeds of the property to be distributed.

In relation to the claim of *Norton,* as he does not appear to be a party to the appeal, we are precluded from noticing the objections urged against it in the appellant's brief.

ROCHFORD
v.
GERAGHTY.

The claim for Clerk's fees is contested by the appellant. It is urged by him that $232 35 of the amount thereof were for costs taxed in the succession of *Finer*, and doubtless paid by the administrator, but as that functionary was not a party to the *concurso*, and made no claim, he was therefore not entitled to any part of the proceeds to be distributed; and a large portion of this claim, if not all, should be rejected. As these costs appear to have been incurred in the suit in which the execution was issued, we do not think the Judge erred in assigning to them the rank which he did.

The claim of *Jacob Barker*, assignee, &c., ranked as a privilege, is strenuously resisted by the appellant. This privilege is alleged to be for work done upon the house which was sold together with the lot. On the trial of the rule, a copy of a judgment in the suit of *John R. Jacobs*, for the use of *Jacob Barker*, was read in evidence; it decrees that " the plaintiff recover of the defendant the sum of $140 with 5 per cent. interest from 21st June, 1852, until paid; $2 *costs of protest*, and costs of suit with privilege on the house and premises on Annunciation street, now occupied by said *Geraghty*." It was rendered on the 18th December, 1853, and inscribed in the mortgage office on the 28th of the same month. There is no evidence showing the date of the alleged work from which the privilege resulted, nor the amount stipulated therefor. The Code, Article 2746, provides that " no agreement or undertaking for work exceeding five hundred dollars, which has not been reduced to writing, and registered with the Recorder of Mortgages, shall enjoy the privilege above granted." The following Article provides : " For those not amounting to $500, this formality is dispensed with ; but the privilege granted to them is prescribed against after six months, reckoning from the day when the work is completed." As we have seen, the judgment was rendered upon a promissory note, which matured prior to the 21st June, 1852. It has often been decided by this court that privileges are *stricti juris*, and as against third persons must be clearly and conclusively established. It follows therefore that this claim must yield to that of the appellant.

It is finally urged by the appellant that the judgment in favor of *Rochford*, *tutor*, v. *Geraghty* was rendered in July, 1853, and gives no privilege. The suit was instituted against the latter as former tutor of the minors *Finer* on the 22d January, 1852, to render an account of his tutorship, &c. "Minors have a legal mortgage on the property of their tutors as a security for their administration, from the day of their appointment, until the liquidation and settlement of their final account." C. C. 3282, 354. It is clear therefore that the tacit mortgage of the minors *Finer* must prevail over the appellant's conventional mortgage which was subsequently inscribed.

It is therefore decreed that the judgment of the District Court, so far as it grants a privilege to *John R. Jacobs*, for the use of *Jacob Barker*, on the proceeds of the sale, be reversed, said claim to be classed as a judicial mortgage to take effect from the date of its inscription, and that said judgment in every other respect be affirmed, the appellee *John R. Jacobs*, for the use of *Jacob Barker*, to pay the costs of appeal.